## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLESSA HAWKINS, as Special
Administrator for TERRY HAWKINS,
deceased, and CLESSA HAWKINS,
individually,

        *Plaintiff,*

  vs.

MERCY KANSAS COMMUNITIES, INC.,
D/B/A MERCH HOSPITAL FORT SCOTT,
MARC ENYART, M.D.
ROGER PARRIS, M.D., and
AMY SACHAU, M.D.,

        *Defendants.*

Case No. 14-CV-2405-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Clessa Hawkins brings this suit on behalf of herself and her deceased husband,

Terry Hawkins, against Defendants Mercy Kansas Communities, Inc. ("Mercy Hospital"), Marc

Enyart, Roger Parris, and Amy Sachau.  Plaintiff asserts three claims: (1) a claim under 42

U.S.C. § 1395dd, examination and treatment for emergency medical conditions and women in

labor ("EMTALA"); (2) a medical malpractice claim; and (3) a wrongful death claim.  Before

the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 51) as well as Defendants'

Motions for Judgment on the Pleadings (Docs. 21, 25).[1]  The Court grants Plaintiff's motion for the reasons set forth below.  Because the Court grants Plaintiff's motion, Defendants' motions are moot.

## I.      Factual and Procedural Background[2]

Plaintiff filed this lawsuit on August 19, 2014.  On November 11, 2014, Plaintiff filed an unopposed Amended Complaint.  Plaintiff claims that her husband, Terry Hawkins, went to Mercy Hospital in Fort Scott on January 5, 2014, presenting clinical symptoms that included a fever, chest pain, chills, headache, respiratory dysfunction, congestion, sore throat and other flu like symptoms that had progressively worsened over the last eleven days.  Defendant Dr. Marc Enyart allegedly told Mr. Hawkins that because he did not have insurance, no chest x-ray was being ordered.  Dr. Enyart discharged Hawkins with a diagnosis of sinusitis fever and cough, a prescription for Amoxycillin, and instructions to return to the emergency room if he became worse.

On January 7, 2014, Mr. Hawkins returned to Mercy Hospital because his fever had reached 104.9 degrees and his respiratory function had deteriorated.  Defendant Dr. Roger Parris was the physician in the emergency room at Mercy Hospital.  Mr. Hawkins was only seen by a triage nurse, and Dr. Parris allegedly never came to see Mr. Hawkins.  The triage nurse informed Dr. Parris that Mr. Hawkins was seen two days prior and given antibiotics.  Dr. Parris allegedly instructed the nurse to tell Mr. Hawkins that the antibiotics had not had sufficient time to take effect, and Mr. Hawkins was sent home without being seen by the doctor.

---

[1]      Plaintiff also filed a motion for hearing (Doc. 42) with regard to the two pending motions for judgment on the pleadings.

[2]      The facts are taken from Plaintiff's Amended Complaint filed on November 11, 2014.

Mr. Hawkins went to his family physician, Defendant Dr. Amy Sachau, on January 8, 2014.  Mr. Hawkins was experiencing shortness of breath, his fever exceeded 104 degrees, and his overall condition was progressively worsening.   Dr. Sachau took a culture from Mr. Hawkins' throat, changed the prescription of his antibiotic, and sent him home with no further testing.

Within approximately three hours of Mr. Hawkins' visit to his primary care physician, Mr. Hawkins became unconscious.  Emergency services were summoned, and he was admitted into Via Christi Hospital in Pittsburg, Kansas, with influenza with pneumonia, septic shock, hypoxia, sepsis, septicemia, acidosis, and multi-organ failure.  Mr. Hawkins was then transferred to St. Luke's Hospital in Kansas City, Missouri, where his condition further deteriorated.  Mr. Hawkins died on February 8, 2014, when the machines that were keeping him alive were discontinued.

Plaintiff brings three claims.  In the first claim, Plaintiff claims under 42 U.S.C. § 1395dd that Defendant Mercy Hospital had a duty to perform appropriate screening emergency examinations that it failed to do.  Plaintiff's second claim is one for medical malpractice.  And in Plaintiff's third claim, she asserts a wrongful death claim against Defendants.

 In November, two days after Plaintiff filed her Amended Complaint, Defendants Drs. Enyart, Parris, and Sachau ("the doctor Defendants") filed a Motion for Judgment on the Pleadings.  Defendant Mercy Hospital filed a Motion for Judgment on the Pleadings on November 17, 2014.  These motions became fully briefed in December.

Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 51) requesting leave to file a Second Amended Complaint the day after the Defendants' motions became fully briefed.  In Plaintiff's proposed Second Amended Complaint, she adds Defendant Shannon Meek, a

registered nurse employed by Mercy Hospital.  Plaintiff drops one claim against the doctor Defendants and includes several more allegations as to how the three claims relate to each other. The doctor Defendants oppose this motion, but Defendant Mercy Hospital did not file a response.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[3]  Rule 15(a)(2) provides that courts should "freely give leave when justice so requires."[4]  A court, however, may refuse to grant leave to amend based upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]  With regard to futility, the court must analyze the proposed amendment as though it was before the court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[6]

## III.    Analysis

Plaintiff seeks leave to file a Second Amended Complaint.  The doctor Defendants' response asserts that because Plaintiff gives no explanation for the reason for the amendment, they cannot ascertain how the Second Amended Complaint differs from the already filed Amended Complaint.  In addition, they contend that the Court should decide their pending Motion for Judgment on the Pleadings before considering the proposed Second Amended

---

[3]    Fed. R. Civ. P. 15(a)(2).

[4]    *Id.*

[5]    *Duncan v. Manager, Dep't of Safety, City & Cnty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation marks omitted).

[6]    *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

Complaint.  Defendant Mercy Hospital did not file a response to Plaintiff's motion.  In Plaintiff's reply to the defendant Doctors, she provides her explanation for seeking leave to amend.  She states that she drops one claim, the EMTALA claim, against the defendant Doctors and enlarges the remaining counts to demonstrate the interplay between the three claims.  Plaintiff contends that with the filing of the Second Amended Complaint, the Court will understand the true scope of her claims.

Although Plaintiff did not set out her reasons for amendment in her motion, the Court grants the motion.  As noted above, courts should freely give leave unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]  There is no such showing in this case.  Accordingly, the Court grants Plaintiff's motion.  Plaintiff must file the Second Amended Complaint within fourteen days of this Order. Because the Court grants Plaintiff's motion, the pending motions for judgment on the pleadings are denied as moot. Defendants can refile such motions if they so desire based on the Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 51) is hereby **GRANTED**.  Plaintiff must file the Second Amended Complaint within fourteen days of this Order.

**IT IS FURTHER ORDERED** that Defendants Enyart, Parris, and Sachau's Motion for Judgment on the Pleadings (Doc. 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Mercy Hospital's Motion for Judgment on the Pleadings (Doc. 25) is **DENIED AS MOOT**.

---

[7]   *Duncan*, 397 F.3d at 1315 (quotation marks omitted).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing regarding the Judgment on the Pleadings (Doc. 42) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE