# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLESSA HAWKINS, )<br>as Special Administrator for )<br>TERRY HAWKINS, deceased, and )<br>CLESSA HAWKINS, individually, )<br>)<br>Plaintiff, )<br>) Case No. 14-2405-EFM-KGG<br>v )<br>)<br>MERCY KANSAS COMMUNITIES, )<br>*et al.*, )<br>)<br>Defendants, )<br>_____ ) | |

## ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Defendant Mercy Kansas Communities, Inc. (Doc. 96.) Having reviewed the submissions of the parties, Defendant's motion is **GRANTED**.

## BACKGROUND

The present motion seeks the production of a document referenced during a witness deposition that was subsequently the subject of a Request for Production. The document in question was referred to by the witness as a "study guide" to prepare a witness for deposition. In response to Defendant's motion, the document was referred to by counsel as a "folder containing a disc . . . ." (Doc. 103, at 3.)

The issue before the Court is whether this "'study guide' . . . contains information that is outside the scope of the attorney-client privilege and should either be produced or sufficiently described [as in a privilege log] to make that determination." (Doc. 104, at 2.)

## DISCUSSION

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

Defendant's motion focuses on Plaintiff's claim of the attorney-client privilege for the document in question. Although there would seem to be a potential issue as to whether Plaintiff's counsel also qualifies as counsel for the fact witnesses, Defendant does not challenge the validity of the representation. (*See* Doc. 104, at 2.) Rather, Defendant is concerned that "any factual information contained in the 'study guide' that could have influenced the witnesses' testimony is not encompassed by the attorney-client privilege." (Doc. 96, at 2.)

Simply stated, Plaintiff has not established that the attorney-client privilege

encompasses the document at issue.  The party asserting the attorney-client privilege bears the burden to establish its applicability.  ***Kannaday v. Ball***, 292 F.R.D. 640, 644 (D.Kan. 2013).  "The privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.'"  ***Marten v. Yellow Freight Sys., Inc.***, No. 96–2013–GTV, 1998 WL 13244, at *6 (D.Kan. Jan.6, 1998) (quoting ***Jones v. Boeing Co.***, 163 F.R.D. 15, 17 (D.Kan.1995)).

> Under federal common law, the essential elements of the attorney-client privilege are:  (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived. ***Marten v. Yellow Freight Sys., Inc.***, No. 96–2013–GTV, 1998 WL 13244, *5 (D.Kan. Jan. 6, 1998) (citation omitted).

> The privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.' The privilege also protects advice given by the lawyer in the course of representing the client. The privilege protects communications with in-house counsel as well as outside attorneys. The privilege, however, 'is to be extended no more broadly than necessary to effectuate its purpose.'
>
> ***New Jersey v. Sprint Corp.***, 258 F.R.D. 421, 425 (D.Kan.2009) (citations omitted).

*Helget v. City of Hays*, 2014 WL 1308890, at *2 (D. Kan. March 28, 2014).

In response to the document request at issue, Plaintiff states that the document "is simply a packet which is not customized to any particular case and is used to assist counsel in explaining the deposition process to clients who are not familiar with the process." (Doc. 96, at 8-9.) Even so, Plaintiff has made little to no effort to establish how the deposition study guide at issue constitutes actual legal advice or an attorney-client communication. Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 1st day of May, 2015.

                                            S/ KENNETH G. GALE
                                            Kenneth G. Gale
                                            United States Magistrate Judge