## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLESSA HAWKINS, as Special
Administrator for TERRY HAWKINS,
deceased, and CLESSA HAWKINS,
individually,

        *Plaintiffs,*

vs.

                                  Case No. 14-CV-2405-EFM-KGG

MERCY KANSAS COMMUNITIES, INC.,
D/B/A MERCH HOSPITAL FORT SCOTT,
MARC ENYART, M.D.,
ROGER PARRIS, M.D.,
AMY SACHAU, M.D., and
SHANNON MEEK, R.N.

        *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Clessa Hawkins brings this suit on behalf of herself and her deceased husband,
Terry Hawkins, against Defendants Mercy Kansas Communities, Inc. ("Mercy Hospital");
Shannon Meek, R.N.; and M.D.s Marc Enyart, Roger Parris, and Amy Sachau. Plaintiff asserts
three causes of action: (1) a claim under the Emergency Medical Treatment and Women in
Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; (2) a medical malpractice claim; and (3) a
wrongful death claim.  Defendants Enyart, Parris, and Sachau (the "doctor Defendants") bring a
Motion to Dismiss (Doc. 76) asserting that the Court should decline to exercise supplemental

jurisdiction over the two state law claims.  The Court denies the doctor Defendants' Motion to Dismiss.

## I.      Factual and Procedural Background

Plaintiff originally filed this lawsuit on August 19, 2014.  She has since filed two amended complaints.  The following facts are taken from the Second Amended Complaint, filed on February 23, 2015.

Plaintiff claims that her husband, Terry Hawkins, went to Mercy Hospital in Fort Scott, Kansas, on January 5, 2014, presenting clinical symptoms that included a fever, chest pain, chills, headache, respiratory dysfunction, congestion, sore throat and other flu-like symptoms, that had progressively worsened over the last eleven days.  On this date, Defendant Dr. Marc Enyart allegedly did not order any tests to determine the cause of Hawkins' symptoms. Dr. Enyart discharged Hawkins with a diagnosis of sinusitis fever and cough, a prescription for Amoxycillin, and instructions to return to the emergency room if he became worse.

On January 7, 2014, Mr. Hawkins returned to Mercy Hospital because his fever had reached 104.9 degrees and his respiratory function had deteriorated.  He had difficulty breathing and reported shortness of breath. Defendant Dr. Roger Parris was the physician in the emergency room at Mercy Hospital.  Mr. Hawkins was seen by a triage nurse, Defendant Shannon Meek, and Dr. Parris allegedly never came to see Mr. Hawkins.  Defendant Meek informed Dr. Parris that Mr. Hawkins was seen two days earlier and given antibiotics.  Dr. Parris allegedly instructed the nurse to tell Mr. Hawkins that the antibiotics had not had sufficient time to take effect, and Mr. Hawkins was sent home without being seen by the doctor.

The next day, January 8, 2014, Mr. Hawkins went to his family physician, Defendant Dr. Amy Sachau, at Mercy Physicians Group. Mr. Hawkins was experiencing shortness of breath,

his fever exceeded 104 degrees, and his overall condition was progressively worsening.  Dr. Sachau took a culture from Mr. Hawkins' throat, changed the prescription of his antibiotic, and sent him home with no further testing.

Within approximately three hours of Mr. Hawkins' visit to his primary care physician, Mr. Hawkins became unconscious.  Emergency services were summoned, and he was admitted into Via Christi Hospital in Pittsburg, Kansas, with influenza with pneumonia, septic shock, hypoxia, sepsis, septicemia, acidosis, and multi-organ failure.  Mr. Hawkins was then transferred to St. Luke's Hospital in Kansas City, Missouri, where his condition further deteriorated.  Mr. Hawkins died on February 8, 2014, when the machines that were keeping him alive were discontinued.

Six months later, Plaintiff brought this lawsuit asserting three claims.  Plaintiff's first claim, the EMTALA claim, is brought under 42 U.S.C. § 1395dd and alleges that Defendant Mercy Hospital had a duty to perform appropriate screening emergency examinations and failed to do so. This claim is only brought against Defendant Mercy Hospital. Plaintiff's second and third claims are for medical malpractice and wrongful death. These two state law claims are brought against all five Defendants. The doctor Defendants now bring a Motion to Dismiss arguing that the two state law claims should have been brought in state court and that this Court should decline to exercise supplemental jurisdiction.

## II.    Discussion

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[1]  Under 28 U.S.C. § 1331, federal district courts have federal question

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their

jurisdiction if the action arises "under the Constitution, laws or treaties of the United States." "Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts."[2] A district court may decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[3]

In this case, pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiff's EMTALA claim brought against Defendant Mercy Hospital. The doctor Defendants argue that the two state law claims, medical malpractice and wrongful death, heavily predominate the lone federal claim and thus the Court should decline to exercise supplemental jurisdiction. Plaintiff's federal EMTALA claim, however, remains a valid claim in the case. Thus, although there are two state law claims, the Court disagrees that the two state law claims substantially predominate over the federal claim.[4]

---

jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[2] *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

[3] 28 U.S.C. § 1367(c).

[4] It is within the Court's discretion whether to exercise supplemental jurisdiction. *See Nelson v. Colvin*, 2001 WL 789396, at *2 (D. Kan. July 9, 2001) (declining to dismiss state law medical negligence claim when federal EMTALA claim remained active in the case). *But see Shepeard v. Labette Cnty. Med. Ctr.*, 2012 WL

In addition, it appears that the three claims derive from a common nucleus of facts. Plaintiff asserts an EMTALA claim based on the alleged failure to provide a proper medical screening on January 5, 7, and 8.  His medical malpractice and wrongful death claims are also based on alleged instances of improper care on these dates. Thus, these two state law claims derive from a common nucleus of facts and form part of the same case or controversy for which this Court has original jurisdiction. In the interest of fairness and judicial economy, it appears that these three claims should be tried together in one setting.

Furthermore, it appears as though the two state law claims are brought against all five Defendants. Two of the Defendants (Mercy Hospital and Meek) have not moved for dismissal of these claims.  Thus, if the Court dismissed these claims against the doctor Defendants (so that they could be refiled in state court), these two state law claims would still proceed in federal court against the other Defendants. It would be a waste of judicial resources to have the claims proceed in two separate courts. "Judicial economy and fairness result from retaining jurisdiction over mixed state and federal claims where the state and federal claims . . . derive from a common nucleus of operative fact."[5] Accordingly, the Court exercises its discretion to retain supplemental jurisdiction and denies the doctor Defendants' Motion to Dismiss.

---

1092399, at *2 (D. Kan. Mar. 30, 2012) (dismissing state law medical negligence claim even though it retained jurisdiction over federal EMTALA claim).

[5] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that the doctor Defendants' Motion to Dismiss (Doc. 76) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2015.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE